UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADEL ZEITOUN,

    Plaintiff,

v.    Case No. 3:14-cv-432-J-34JRK

WARDEN BRIAN RIEDL,
et al.,

    Defendants.

## **ORDER**

### **I. Status**

Plaintiff Adel Zeitoun, an inmate of the Florida penal system, initiated this action on April 14, 2014, by filing a Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. He filed an Amended Complaint (Doc. 6) on May 19, 2014; a Second Amended Complaint (Doc. 18) on June 23, 2015; a Third Amended Complaint (Doc. 26) on July 14, 2016; and a Fourth Amended Complaint (FAC; Doc. 30) on August 29, 2016. In the FAC, Zeitoun names the following Defendants: (1) Warden Brian Riedl; (2) John Doe officers 1-12; (3) John Doe lieutenants 1 and 2; (4) Corizon Health Care (Corizon);[1] (5) John Doe dentist; (6) John Doe doctor; and (7) Jane Doe officer. Zeitoun asserts that the Defendants violated his federal constitutional rights when they used excessive force

---

[1] The Court granted Defendant Corizon's Motion to Dismiss or for Summary Judgment as to Plaintiff's claims against Corizon, and directed the Clerk to terminate Corizon as a Defendant. See Order (Doc. 45), filed March 30, 2017.

against him and denied him proper medical care. As relief, he requests compensatory and punitive damages. He also seeks declaratory and injunctive relief.

This matter is before the Court on Defendant Riedl's Motion for Summary Judgment (Motion; Doc. 51), filed August 1, 2017. In the Motion, Defendant Riedl asserts that the Court should grant summary judgment in his favor because: (1) Zeitoun cannot show that Riedl violated the Eighth Amendment, and (2) Riedl is entitled to qualified immunity. See Motion at 1, 7-12. In support of the Motion, Riedl filed portions of Zeitoun's deposition. See Motion, Exhibit A (Doc. 51-1), Deposition of Adel Zeitoun (Def. Ex. A), dated June 12, 2017.

The Court advised Zeitoun of the provisions of Federal Rule of Civil Procedure 56, notified him that the granting of a motion to dismiss or a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and gave him an opportunity to respond to the Motion. See Summary Judgment Notice (Doc. 52); Order of Special Appointment; Directing Service of Process Upon Corizon Health and Warden Brian Riedl; Notice to Plaintiff (Doc. 31) at 4-6, ¶ 13. Over thirty days have passed since the filing of Defendant's Motion, and Plaintiff has failed to respond. Accordingly, Defendant's Motion is ripe for judicial review.

## II. Plaintiff's Allegations[2]

In his verified FAC,[3] Zeitoun asserts that: (1) on November 8, 2012, John Doe officers 1, 2, 3, and 4 made derogatory remarks (relating to the sexual offenses for which he is serving a term of life imprisonment); (2) on November 8th, John Doe officers 5, 6, and 7 assaulted Zeitoun; (3) on November 9th, John Doe officers 8, 9, and 10 assaulted Zeitoun; (4) John Doe lieutenants 1 and 2 were aware of inmate abuse at the Reception and Medical Center (RMC) and the propensity for abusiveness towards inmates by John Doe officers 3-10, but failed to stop the alleged mistreatment; (5) John Doe dentist denied Zeitoun treatment for his bleeding mouth and cracked tooth after the alleged assaults; (6) John Doe doctor denied Zeitoun medical treatment for his injuries, and called two officers to assault Zeitoun, but a captain promptly arrived to place Zeitoun in protective custody; (7) John Doe officer 11 assaulted Zeitoun on November 13th, and later told inmate Croft that he would give him extra food if Croft would beat up Zeitoun, and Croft assaulted

---

[2] The facts recited here are drawn from the FAC and may differ from those that ultimately can be proved. Additionally, because this matter is before the Court on a motion only brought by Riedl, the Court's recitation of the facts will focus on Zeitoun's allegations as to Riedl, not the other Defendants.

[3] See Stallworth v. Tyson, 578 F. App'x 948, 950 (11th Cir. 2014) (citations omitted) ("The factual assertions that [Plaintiff] made in his amended complaint should have been given the same weight as an affidavit, because [Plaintiff] verified his complaint with an unsworn written declaration, made under penalty of perjury, and his complaint meets Rule 56's requirements for affidavits and sworn declarations.").

Zeitoun on November 14th; and (8) John Doe officer 12 and Jane Doe officer failed to give Zeitoun notice of disciplinary charges against him prior to a hearing on the charges. As to Riedl, Zeitoun states that Riedl was aware of the pervasiveness of inmate abuse at RMC, and the propensity for abusiveness towards inmates by John Doe officers 3-10, but failed to implement a policy to stop the assaults. See FAC at 6-7, ¶¶ 44-48; 9, ¶¶ 81-83; 15, ¶¶ 153-54; 16, ¶¶ 157-58.

### III. Summary Judgment Standard

The Eleventh Circuit set forth the summary judgment standard.

> Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law controls which facts are material and which are irrelevant. Raney v. Vinson Guard Service, Inc., 120 F.3d 1192, 1196 (11th Cir. 1997). Typically, the nonmoving party may not rest upon only the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). A pro se plaintiff's complaint, however, if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence. See Murrell v. Bennett, 615 F.2d 306, 310 n.5 (5th Cir. 1980). Nevertheless, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed.R.Civ.P. 56(c)(4). "[A]ffidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).
>
> As we've emphasized, "[w]hen the moving party has carried its burden under Rule 56[],

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unsupported, conclusory allegations that a plaintiff suffered a constitutionally cognizant injury are insufficient to withstand a motion for summary judgment. <u>See</u> <u>Bennett v. Parker</u>, 898 F.2d 1530, 1532–34 (11th Cir. 1990) (discounting inmate's claim as a conclusory allegation of serious injury that was unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." <u>Scott v. Harris</u>, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

<u>Howard v. Memnon</u>, 572 F. App'x 692, 694-95 (11th Cir. 2014) (per curiam) (footnote omitted); <u>Hinkle v. Midland Credit Mgmt., Inc.</u>, 827 F.3d 1295, 1300 (11th Cir. 2016).

At the summary judgment stage, the Court assumes all facts in the light most favorable to Zeitoun, as the non-moving party, and draws all inferences in his favor. <u>See</u> <u>McKinney v. Sheriff</u>, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam). "[T]he dispute about

a material fact is genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Hinkle, 827 F.3d at 1300 (internal quotations and citation omitted). Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Thus, summary judgment is appropriate only when, under Zeitoun's version of the facts, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Felio v. Hyatt, 639 F. App'x 604, 606 (11th Cir. 2016) (per curiam) (internal quotations and citation omitted). Therefore, summary judgment would be properly entered in favor of Defendant Riedl where no genuine issue of material fact exists as to whether Zeitoun's federal constitutional rights were violated.

## IV. Law and Conclusions

### A. Riedl's Summary Judgment Motion

Zeitoun asserts that unnamed officers assaulted him in November 2012, and seeks to hold Riedl responsible because he was the warden when the assaults allegedly occurred at RMC. At deposition, Zeitoun affirmed that he had never seen Riedl, and that Riedl was not present during the assaults. See Def. Ex. A at 15-16. According to Zeitoun, he is suing Riedl "[b]ecause he is the

warden, and because he know[s] everything [t]hat happen[s] there." Id. at 17. Zeitoun repeatedly stated that Riedl knew "everything" that occurred at RMC because of his supervisory position over the officers. See id. at 17-24, 30, 33, 36.

The United States Court of Appeals for the Eleventh Circuit has stated:

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234 (internal quotation marks and citation omitted).[4] "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).
>
> "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Cottone, 326 F.3d at 1360 (citation omitted).[5] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A plaintiff can also establish the necessary

---

[4] Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).

[5] Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003).

7

causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," Gonzalez, 325 F.3d at 1235, or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008); see Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047-48 (11th Cir. 2014). In sum,

> To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights,[6] (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights,[7] (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it,[8] or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct. See id. at 1328–29 (listing

---

[6] See Goebert v. Lee Cty., 510 F.3d 1312, 1327 (11th Cir. 2007) ("Causation, of course, can be shown by personal participation in the constitutional violation.") (citation omitted).

[7] See Goebert, 510 F.3d at 1332 ("Our decisions establish that supervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations.").

[8] See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("Douglas's complaint alleges that his family informed Yates [(an Assistant Warden)] of ongoing misconduct by Yates's subordinates and Yates failed to stop the misconduct. These allegations allow a reasonable inference that Yates knew that the subordinates would continue to engage in unconstitutional misconduct but failed to stop them from doing so.").

> factors in context of summary judgment).[9] A supervisor cannot be held liable under § 1983 for mere negligence in the training or supervision of his employees. Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990).

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam).

Here, Riedl points to Zeitoun's deposition as establishing that Zeitoun has no knowledge or evidence that Riedl was aware of or causally involved in the alleged pervasive inmate abuse at RMC. See Motion at 11. Indeed, Zeitoun fails to point to any facts suggesting that Riedl was personally involved in, or otherwise causally connected to, the alleged violation of Zeitoun's federal statutory or constitutional rights. His unsupported, conclusory allegations that he suffered a constitutionally cognizable injury are insufficient to withstand a motion for summary judgment. See Bennett v. Parker, 898 F.2d 1530, 1532, 1534 (11th Cir. 1990).

At summary judgment, a moving party discharges its burden by "showing" the absence of evidence necessary to support the non-moving party's claim. Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593 (11th Cir. 1995) (quoting Celotex, 477 U.S. at 325). Once a moving party has discharged its burden, the non-moving party cannot rest on his pleadings, but rather must come forward with evidence showing that there is a genuine issue for trial. Id. at 593-94 (citing Celotex, 477 U.S. at 324). This, Zeitoun has not done. Upon review of the record, the Court concludes that there are

---

[9] West v. Tillman, 496 F.3d 1321 (11th Cir. 2007).

no genuine issues of material fact with respect to Zeitoun's Eighth Amendment claim against Defendant Riedl that prevent the entry of summary judgment in Riedl's favor. As such, Defendant Riedl's Motion for Summary Judgment is due to be granted as to Zeitoun's Eighth Amendment claim against him.

Defendant Riedl also asserts that he is entitled to qualified immunity. See Motion at 11-12. The Eleventh Circuit has stated:

> "Qualified immunity protects ... officers from liability in [section] 1983 actions as long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Lewis v. City of West Palm Beach, 561 F.3d 1288, 1291 (11th Cir. 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The officer bears the initial burden to prove that he acted within his discretionary authority, Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002).... With discretionary authority established, the burden shifts to [the plaintiff] to prove that [the defendant] is not entitled to qualified immunity. Id.
>
> To determine whether an officer is not entitled to qualified immunity at summary judgment, we employ a two-part inquiry. First, we ask "whether the facts, [t]aken in the light most favorable to the party asserting the injury, ... show [that] the officer's conduct violated a [federal] right." Salvato v. Miley, 790 F.3d 1286, 1292 (11th Cir. 2015) (first and third alterations in original) (quoting Tolan v. Cotton, --- U.S. ---, 134 S.Ct. 1861, 1865, 188 L.Ed.2d 895 (2014)). Second, we ask "whether the right in question was 'clearly established' at the time of the violation." Id. (quoting Tolan, 134 S.Ct. at 1866). When we perform this analysis, we "may not resolve genuine disputes of fact in favor

> of the party seeking summary judgment." Tolan, 134 S.Ct. at 1866. Our function at summary judgment is to "determine whether there is a genuine issue for trial," not to weigh the evidence. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Dukes v. Deaton, 852 F.3d 1035, 1041-42 (11th Cir. 2017), petition for cert. filed, No. 16-1299 (Apr. 26, 2017).

Thus, once a defendant raises the defense, the plaintiff bears the burden of establishing both that the defendant committed a federal constitutional violation and that the law governing the circumstances was already clearly established at the time of the violation. See Youmans v. Gagnon, 626 F.3d 557, 562 (11th Cir. 2010) (citation omitted). The Court is "free to consider these elements in either sequence and to decide the case on the basis of either element that is not demonstrated." Id. It is undisputed that Defendant Riedl was engaged in discretionary functions during the events in question. The Court concludes that there are no genuine issues of material fact as to whether Riedl violated Zeitoun's federal constitutional rights, and therefore, Riedl is entitled to qualified immunity. As such, Defendant Riedl's Motion for Summary Judgment is due to be granted as to his assertion of qualified immunity.

**B. John and Jane Does**

Zeitoun names seventeen unknown Defendants: (1) John Doe officers 1-12; (2) John Doe lieutenants 1 and 2; (3) John Doe

dentist; (4) John Doe doctor; and (7) Jane Doe officer. The Court gave Zeitoun an opportunity, through discovery, to identify these individuals. See Order (Doc. 50). Discovery closed on August 2, 2017. When Zeitoun neither identified these Defendants nor requested additional time to do so, the Court directed him, by September 13, 2017, to show cause why the unnamed Defendants should not be dismissed from the action. See Order to Show Cause (Doc. 53), filed August 8, 2017. Additionally, the Court advised him that his failure to show satisfactory cause by the September 13th deadline may result in the dismissal of the Defendants from the action.

The September 13, 2017 deadline has passed, and Zeitoun has neither identified these Defendants, requested additional time to do so, nor provided the Court with descriptive information that may assist in identifying them. It is therefore appropriate to dismiss the unknown Defendants for Zeitoun's lack of prosecution.

Therefore, it is now

**ORDERED**:

1. Defendant Riedl's Motion for Summary Judgment (Doc. 51) is **GRANTED**, and the Clerk shall enter judgment accordingly.

2. Defendants John Doe officers 1-12, John Doe lieutenants 1 and 2, John Doe dentist, John Doe doctor, Jane Doe officer are **DISMISSED without prejudice**, and the Clerk is directed to terminate them as Defendants.

3. The Clerk shall enter judgment accordingly, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of September, 2017.

MARCIA MORALES HOWARD
United States District Judge

sc 9/18

c:

Adel Zeitoun

Counsel of Record